In the Matter of the Claim of FRANK CRONIN, Respondent, against UNION BAG & PAPER CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and its insurance carrier have appealed from a decision and award of the Workmen's Compensation Board. Claimant had worked as a

stereotyper for employer at its Hudson Falls, New York, plant. From January 19 to February 16, 1948, he was disabled as a result of occupational contact dermatitis, which appeared on his hands, forearms, ears and eyelids, and for which he was awarded and paid compensation without controversy. Thereafter he continued his work with the employer without loss of time or pay until his compulsory retirement on June 1, 1951, at the age of sixty-five. The awards complained of on this appeal are at reduced earnings for varying periods of partial disability from the time of his retirement to September 2, 1952, and to continue thereafter. There is clear evidence in the record that during the continuance of his regular employment after February 16, 1948, the dermatitis persisted. Medical reports, principally by board examiners, between March, 1948, and November, 1949, so indicated. He was again treated for the condition from December 10, 1949, to April 14, 1950, by a vicinity physician, who reported him discharged as cured on the latter date. From that time until September 2, 1952, he was frequently examined by board and carrier physicians. On December 29, 1950, the physician who had earlier discharged him as cured reported a showing of lesions on the left hand with slight erythema on right wrist and dryness of the skin. On March 14, 1951 (not long before retirement), another physician reported itching on the backs of the hands, "Dollar-sized areas of dermatitis on dorsum of hands and rt. wrist", and moderate disability. The record pertaining to the period from April, 1950, onward is replete with medical evidence sufficient to establish a continuing causally related disability by reason of the persistence and recurrence of the original dermatitis. Many of the reports referred to claimant's ability to work if he avoided the irritants and allergens originally causing the dermatitis, but emphasized the necessity of avoiding employment entailing exposure thereto. Though, as already stated, claimant's work with employer ended with his retirement, there was evidence of his intention and desire to continue his usual occupation insofar as his condition would permit. He retained active membership in his union. In April, 1952, he took a position with the Amsterdam *Recorder* for approximately a month as a substitute, but testified that during that time his condition became "just as bad as ever" though it "healed up" later. During that period he was continuing medication formerly prescribed by his doctor. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.